United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Nadys Martinez,<br>Defendant. | )<br>)<br>)<br>)<br>) Criminal Case No. 19-20215-CR-Scola<br>)<br>)<br>)<br>) |

### Order Setting Trial Date

The Above Cause is hereby set for **Criminal Jury Trial** before the Honorable Robert N. Scola, Jr., United States District Judge, at **400 North Miami Avenue, Courtroom 12-3, Miami, Florida** during the two-week period commencing **July 8, 2019** at **9:00 a.m.** or as soon thereafter as the case may be called. A **Calendar Call** will be held at **9:00 a.m. on Tuesday, July 2, 2019** at **400 N. Miami Avenue, Courtroom 12-3, Miami, Florida**. **All counsel and defendants are required to be present at the calendar call.**

It is further **Ordered** as follows:

1. All requests for Writs Ad Testificandum must be filed not later than 14 business days prior to the first day of the scheduled trial period.
2. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the Magistrate Judge. Noncompliance may result in sanctions. Any Fed. R. Evid. 404(b) notice shall include a specific factual basis for the evidence sought to be introduced.
3. **All motions filed shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement**

1

**the subject matter of the motion as required by Local Rule 88.9.** In a multi-defendant case, a defendant moving to continue the trial shall confer with all other co-defendants before filing the motion. The movant shall indicate in the motion the position taken by each other co-defendant with respect to the motion (*i.e.*, whether the requested continuance is opposed or agreed to).

4. Counsel shall be prepared to conduct limited *voir dire* following the Court's questioning of the panel. The Court will prepare a case-specific, written questionnaire to be filled out by prospective jurors prior to coming to the courtroom. Counsel may submit a total of **five** questions (including sub-parts) to the Court for inclusion in the written questionnaire. The **five** questions should be submitted prior to the Calendar Call in the case

5. At **Calendar Call** all counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits to be presented at trial. All exhibits to be offered into evidence must be pre-labeled in accordance with the proposed exhibit list. (Government exhibits are to be designated numerically; defense exhibits, alphabetically).

6. If a defendant elects to proceed with a defense strategy by which he or she concedes guilt as to one or more of the charges, defense counsel <u>must</u> notify the Court of this strategy <u>before</u> this strategy is presented to the jury. This notice is to allow the Court to conduct a colloquy with the defendant before the jury hears the concession.

7. If either party seeks to introduce transcript(s) at the trial, such shall be exchanged with all counsel before the scheduled day of trial. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

8. All anticipated Jencks Act[1] material shall be turned over to defense counsel not later than the morning of the first day of trial. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.

9. Upon receipt of this order, counsel are directed to certify with the Court's courtroom deputy the necessity of an interpreter for the Defendant. Counsel are further instructed to notify the Court, at least 24 hours prior to any hearings or trial, if an interpreter is required.

10. Counsel are instructed that arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons at least **seven (7) days** prior to the scheduled trial date.

11. **Counsel are advised to comply with Local Rule 88.5, requiring the filing of speedy trial reports every 20 days hereafter until the time of trial or plea.**

12. Counsel are reminded that pursuant to the CM/ECF Administrative Procedures, Proposed Orders shall be submitted to the Court by E-Mail in Word format at scola@flsd.uscourts.gov.

13. <u>Jury Instructions</u>. The parties must submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where both parties agree on a proposed instruction, that instruction must be set out in regular typeface. Instructions proposed only by a plaintiff must be <u>underlined</u>. Instructions proposed only by a defendant must be **bold-faced**. Every instruction must be supported by a citation of authority. The parties should use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state

---

[1] 18 U.S.C. § 3500

       pattern jury instructions. The parties must jointly file their proposed jury instructions via CM/ECF, and must also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

14. <u>Notification of juror misconduct</u>. Every party has an affirmative duty to notify the Court **immediately** of any possible juror misconduct or any information that might possibly reflect on a juror's ability to serve. Immediate notification is required to allow the Court the opportunity to address the issue, including questioning the juror and, if necessary, discharging the juror and seating an alternate juror. In any trial lasting more than five days, the Court imposes an affirmative duty on both sides to conduct all reasonable investigations of juror misconduct, including statements provided during voir dire, and to advise the Court immediately of any discovered misconduct. Any party who fails to conduct a reasonable investigation in this situation and later discovers an incidence of juror misconduct has waived his, her, or its right to rely on that misconduct in a motion before this Court.

       **Done and Ordered** in Chambers at Miami, Florida, on May 24, 2019.

_____
**Robert N. Scola, Jr.**
**United States District Judge**

cc:    counsel of record