UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20215-CR-SCOLA(s)

UNITED STATES OF AMERICA

v.

NADYS MARTINEZ,

        Defendant.

_____/

GOVERNMENT'S RESPONSE TO THE
STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.
1. Attached is a recorded statements made by the defendant.

2. Attached is a recorded statement made by the defendant in response to interrogation by a government agent.

3. The defendant did not testify before the Grand Jury.

4. The NCIC records check of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendants are attached to this discovery response and are identified below.

    MEDIC data and invoice reconciliation for Ready Scripts Pharmacy;
    Corporate records for Ready Scripts Pharmacy;
    PBM records;

    Bank records for Ready Scripts, Nadys Martinez and Armando Lorenzo;
    DOH records;
    Reverse distributor records;
    HHS arrest report of defendant;
    HHS reports of interviews;
    Marriage record;
    NCIC report for the defendant.

  6.  There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.  **DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.**

  The government specifically requests the production of any records or evidence the defendant intends to use at trial that relates to the pharmacy's purchases of medications from wholesalers and/or that relates to the inventory analysis conducted for the pharmacies in this case.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  The defendant was not the subject of an identification procedure.   However, a photograph of the defendant was shown to persons who were interviewed during the investigation.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).   You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed

2

       herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendant is not an aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of electronic surveillance.

J.     The government has ordered the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

       If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     To date, the government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject matter of expert testimony that the government reasonably expects to offer at trial.

       Even though no request for disclosure has been made, the government is disclosing the following information regarding its expert witness:

       The United States expects to rely on the testimony of an expert in pharmacy and the operation of the Medicare Part D prescription drug program. The government's expert witness is expected to testify to the basic operation of the Part D program, its status as a federal health care program, the manner and means of billing under Part D, the interrelation of private drug plan sponsors and pharmacy benefit managers within the Part D program, the types of drugs dispensed in this case and their legitimate uses, the role of a pharmacist and a pharmacy technician. The witness is also expected to testify about the inventory analysis conducted for each pharmacy in this case, and the conclusion that neither pharmacy purchased enough wholesale drugs to support the amounts claimed to have been dispensed and paid for by the Part D program. The expert witness's curriculum vitae will be produced shortly.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At a discovery conference to be scheduled pursuant to Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to assure a fair trial.

    Attached on a disc are documents with bate-stamp range:

    GOV_000001 through GOV_016400.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    *s/Aimee Jimenez*
Aimee C. Jimenez
Assistant United States Attorney
Court No. A5500795
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9028
Fax: (305) 530-7976
Email: aimee.jimenez@usdoj.gov

4

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 5, 2019, I electronically filed the foregoing document, Government's Response to the Standing Discovery Order (without attachments), with the Clerk of the Court using CM/ECF.  A copy of the documents identified in this discovery response are being sent via overnight mail on June 5, 2019, to counsel for the defendant, Gregory Ream, Esq., at 12381 S. Cleveland Avenue, Suite 200, Fort Myers, FL 33907.

*s/Aimee Jimenez*
Aimee C. Jimenez
Assistant United States Attorney
